A. P. CARPENTER, ADMR. *v.* ISRAEL STOWE'S ESTATE.

May Term, 1902.

Present: MUNSON, START, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed November 19, 1902.

*Administrator—Accounting.*

An administrator is chargeable with the full cash price for which property of the estate is sold, though through error a less sum is actually received.

APPEAL FROM PROBATE COURT. Heard on an agreed statement of facts at the March Term, 1902, Windham County, *Rowell,* J., presiding. Judgment for the defendant estate. The plaintiff excepted.

*A. P. Carpenter* and *O. E. Butterfield* for the plaintiff.

The plaintiff contends that the estate of Titus Stowe should be charged only with the amount of cash actually received by him, as such administrator, in payment for the real estate sold, and that the administrator *de bonis non* of the estate of Israel Stowe succeeds to all the rights and credits of the estate of his intestate and should collect the $100 due from W. W. Stowe on the purchase price of the farm. The new administrator should begin business at the point where the former one ceased to act. Administration is continued by the same official—the administrator—but by a different person. *Trumble* v. *Williams,* 18 Neb. 144; *Payne* v. *Payne,* 29 Vt. 176.

A contract made with the original administrator, if the damages recovered will be assets of the estate to be administered, is unadministered estate, and the administrator d. b. n. succeeds to the trust and can maintain an action against the purchaser for his default in not completing the contract. *Mc-*

*Guinness, Admr.* v. *Whalen,* 17 R. I. 619; *Sullivan* v. *Holker,* 15 Mass. 374; *Abingdon* v. *Tyler,* 6 Coldthw. 502; *Skeels* v. *Peabody,* 6 Black, 120; *King* v. *Green,* 2 Stuart, 133; *Stair* v. *Bank,* 55 Pa. St. 364.

A claim which is the subject of pending litigation is unadministered estate. *Hayward* v. *Place,* 4 Dem. 487; *Hodgens* v. *Cameron,* 50 Ala. 379; *DeValengin's Admrs.* v. *Duffy,* 14 Pet. 284.

This account should pass to the administrator d. b. n., and when the decree of distribution is made in Israel Stowe's estate, Frank Worden, as such administrator, should offset the same to the distributive share of Warner W. Stowe. *Anderson* v. *Gregg,* 44 Miss. 170; *Tinkham* v. *Smith,* 56 Vt. 187.

*Clarke C. Fitts* and *Arthur C. Spencer* for the defendant.

It was gross incompetency on the part of Titus Stowe to deliver the deed without first counting the money, and he is therefore chargeable out of his own pocket for the deficiency. If an executor or administrator manages the estate in such a manner that assets are lost, or the rights of creditors or distributees are impaired, he is guilty of waste and liable for the loss. Croswell's Exrs., 254; *Spaulding* v. *Wakefield's Estate,* 53 Vt. 660; *In Re Hall's Estate,* 70 Vt. 458.

The fact that the estate of Israel Stowe is solvent, and that Warner Stowe's distributive share will exceed $100 has no bearing on the case. It would be a strange rule of law that would determine an administrator's liability for negligence by the question whether the party who profited by it was financially responsible.

HASELTON, J. Carpenter was administrator of the estate of Titus Stowe, and as such administrator presented to the Probate Court the account of Titus Stowe as adminis-

trator of the estate of Israel Stowe. One item in the account charged Titus Stowe, administrator, with $2,200.00 as cash received on the sale of the home farm of Israel Stowe. The administrator *de bonis non of* Israel Stowe's estate claimed that in the administration account of Titus Stowe the sum of $2,300.00, instead of $2,200.00, should be charged on account of the sale of said farm. The case came into County Court on appeal, and was heard by the Court on an agreed statement of facts.

It appeared that under due authority from the Probate Court said Titus, as such administrator, made a cash sale for $2,300.00 of the farm in question to his brother, Warner Stowe. That Titus delivered the deed of the farm to Warner, and that Warner at the same time handed to Titus a bank book good for $1,500.00, and a bag which Warner said contained $800.00 in gold; that Titus took the bag, without counting the gold and without opening the bag, and that he kept it unopened for a day or two, when he took it to a Savings Bank for the purpose of depositing its contents; that the bag was then opened and found to contain only $700.00; that Titus died shortly afterwards, and that $2,200.00 instead of $2,300.00 was all that was ever actually received by Titus for the farm. It did not appear that Titus said anything to Warner about the shortage, but on a book kept by Titus as administrator was found an entry in his own hand-writing charging Warner with $100.00 " to error in counting gold to pay for farm." It was agreed that the estate of Israel Stowe was solvent, that Warner was an heir, and that his distributive share would exceed $100.00 above any orders accepted by the administrator. The Court rendered a judgment by which the estate of Titus Stowe was made chargeable in the sum of $2,300.00 on account of the farm transaction. To this judgment the plaintiff excepted.

We think that the estate of Titus Stowe was properly chargeable with the full cash price for which the farm in question was sold.   This cash price must in fairness be considered the proceeds of the sale.   See V. S. 2406.   It does not, however, follow from this conclusion that the administrator of Titus Stowe's estate cannot collect from Warner the $100.00, if, in fact, it has not been paid.

*Judgment affirmed.*